Nemesio CASTRO, on behalf of himself and all others similarly situated, Plaintiff,

v.

COLLECTO, INC. dba Collection Company of America and U.S. Asset Management, Inc., Defendants.

No. EP–08–CA–215–FM.

United States District Court, W.D. Texas, El Paso Division.

March 4, 2009.

Cathleen M. Combs, James O. Latturner, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, Scott Alan Vogelmeier, Law Office of Scott A. Vogelmeier, El Paso, TX, for Plaintiff.

Keith Wier, Barron Newburger Sinsley & Wier, PLLC, Houston, TX, for Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

FRANK MONTALVO, District Judge.

On this date, the Court considered Nemesio Castro's ("Plaintiff") "Plaintiff's Motion for Class Certification" ("Motion to Certify") [Rec. No. 25], filed January 15, 2009. Plaintiff requests the Court to enter an order allowing the above-captioned cause to proceed as a class action against Collecto, Inc. dba Collection Company of America and U.S. Asset Management, Inc. (collectively, "Defendants"). Defendants oppose Plaintiff's Motion to Certify in "Defendants' Memorandum in Opposition to Plaintiff's Motion for Class Certification" [Rec. No. 35], filed February 4, 2009. On February 17, 2009, Plain-

tiff filed "Plaintiff's Reply in Support of Motion for Class Certification" [Rec. No. 41]. Based upon the parties' briefs, argument, and the law, the Court will grant Plaintiff's Motion to Certify.

## I. FACTUAL BACKGROUND

Plaintiff asks the Court to certify a class defined as

(a) all individuals with Texas addresses (b) who were sent a letter in the form represented by *Exhibit A* to Plaintiff's Complaint, (c) seeking to collect a cellular telephone debt (d) which became delinquent more than 2 years prior to the sending of the letter in the form represented by *Exhibit A* to Plaintiff's Complaint, (e) which letter was sent between June 16, 2007[,] and July 6, 2008.[1] Plaintiff requests the Court to permit the Law Office of Scott A. Vogelmeier and Edelman, Combs, Latturner & Goodwin, LLC to be appointed counsel for the class.[2] Defendants oppose Plaintiff's Motion to Certify on the basis that the class is "not clearly ascertainable" and individual issues predominate over issues common to the proposed class.[3] Defendants contend the Court will have to conduct "an independent analysis of myriad factual and novel legal issues to determine if such individuals fall within Plaintiff's overly broad and ambiguous class definition."[4]

## II. APPLICABLE LAW

### A. Fair Debt Collection Practices Act

According to the Fair Debt Collection Practices Act ("FDCPA"), "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."[5] Congress has barred debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken"[6] or from the "us[ing] of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[7] Similarly, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."[8] Congress provided actions arising under the FDCPA could be brought as class actions.[9]

### B. Class Certification Pursuant to the Fair Debt Collection Practices Act

■ The Fifth Circuit has determined in order for plaintiffs to proceed as a class in an FDCPA action, they must meet the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").[10] Rule 23 states, in

> [o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable [ ("numerosity") ];
>
> (2) there are questions of law or fact common to the class [ ("commonality") ];
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [ ("typicality") ]; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class [ ("adequacy") ].[11]

A Rule 23 class action may only be maintained if one of the following is satisfied;

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible stan-

---

1. Pl.'s Mot. Certify at 1.

2. *Id.*

3. Defs.' Resp. at INTRODUCTION.

4. *Id.*

5. 15 U.S.C. § 1692e.

6. *Id.* § 1692e(5).

7. *Id.* § 1692e(10).

8. *Id.* § 1692f.

9. *Id.* 1692k(a)(2)(B) (outlining damages for class action).

10. *See Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 265 (5th Cir.2000) (quoting Fed. R.Civ.P. 23(a)).

11. FED.R.CIV.P. 23(a).

dards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.[12]

Plaintiff seeks certification of the class pursuant to subsection (b)(3) of Rule 23.[13] The Court "maintains substantial discretion in determining whether to certify a class action."[14]

**12.** Fed.R.Civ.P. 23(b).

**13.** Pl.'s Mot. Certify at 12.

**14.** *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 408 (5th Cir.1998) (citation omitted).

**15.** *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir.1981) (citing Fed. R.Civ.P. 23(a)(1)).

**16.** *James v. City of Dallas, Tex.*, 254 F.3d 551, 570 (5th Cir.2001) (citation omitted) (internal quotation marks omitted).

### 1. Requirements of Rule 23(a)

#### i. Numerosity

In establishing "numerosity," "the purported class must be 'so numerous that joinder of all members is impracticable.'"[15] In order for a plaintiff to satisfy the numerosity prong, there must be "some evidence or reasonable estimate of the number of purported class members."[16] A plaintiff must present sufficient evidence to bring the assertion of numerosity "beyond the 'mere allegation that the class is too numerous to make joinder practicable' which, by itself, is insufficient."[17] "[T]he proper focus ... is not on numbers alone, but on whether joinder of all members is practicable in view of the numerosity of the class and all other relevant factors."[18] Accordingly,

a number of facts other than the actual or estimated number of purported class members may be relevant to the "numerosity" question; these include, for example, the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiffs claim.[19]

#### ii. Commonality

■ A plaintiff must allege "questions of law or fact common to the class" to demonstrate commonality.[20] The test is not "demanding."[21] Accordingly,

[a]ll that is required for each class is that there is one common question of law or fact: "The interests and claims of the various plaintiffs need not be identical. Rather, the commonality test is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members."[22]

**17.** *Pederson v. La. State Univ.*, 213 F.3d 858, 868 (5th Cir.2000) (citation omitted) (notation omitted).

**18.** *Zeidman*, 651 F.2d at 1038 (citations omitted).

**19.** *Id.* (citations omitted).

**20.** *James*, 254 F.3d at 570 (citation omitted) (internal quotation marks omitted).

**21.** *Id.*

**22.** *Id.* (citation omitted) (internal quotation marks omitted).

Commonality is not destroyed by some plaintiffs having different claims which may require "individualized analysis." [23]

### iii. Typicality

■ A showing of typicality requires plaintiffs to demonstrate their claims and defenses are typical of the claims and defenses of the class.[24] This is not a demanding test.[25] "It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." [26] According to the Fifth Circuit, "the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." [27]

### iv. Adequacy

■ According to the Fifth Circuit, "Rule 23(a)'s adequacy requirement encompasses class representatives, their counsel, and the relationship between the two." [28] The Court "must consider [1] the zeal and competence of the representative[s'] counsel and ... [2] the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees[.]" [29] With respect to the adequacy of the class representative, the Fifth Circuit has derived "a 'generic standard' for the adequacy requirement, noting that 'the class representatives [must] possess a sufficient level of knowledge and understanding to be capable of "controlling" or "prosecuting" the litigation.' " [30] In order to demonstrate a plaintiff is an adequate class representative, the plaintiff's interests and the class members' interests cannot conflict.[31] Accordingly, "[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests." [32]

### 2. Requirements of Rule 23(b)

Once Plaintiff can demonstrate the requirements of Rule 23(a) have been met, Plaintiff must then show a class action is appropriate pursuant to Rule 23(b).[33] Under Rule 23(b)(3), "[c]ommon questions must 'predominate over any questions affecting only individual members'[,] and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.' " [34] The Fifth Circuit has concluded "deciding whether common issues predominate and whether the class action is a superior method to resolve the controversy requires an understanding of the relevant claims, defenses, facts, and substantive law presented in the case." [35] This "predominance inquiry is 'more demanding than the commonality requirement of Rule 23(a)' and requires the [Court] 'to consider how a trial on the merits would be conducted if a class were certified.' " [36] The predomi-

23. *Id.*

24. *Id.* at 571 (citations omitted).

25. *Id.* (citations omitted).

26. *Id.* (citations omitted) (internal quotation marks omitted).

27. *Id.* (citation omitted) (internal quotation marks omitted).

28. *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir.2002) (citation omitted) (internal quotation marks omitted).

29. *Id.* (citation omitted) (internal quotation marks omitted) (alteration in original).

30. *Feder v. Elec. Data Systems Corp.*, 429 F.3d 125, 129–30 (5th Cir.2005) (citation omitted) (alteration in original).

31. *James*, 254 F.3d at 571 (citation omitted).

32. *Id.* (citation omitted) (internal quotation marks omitted).

33. *See Washington*, 199 F.3d at 265 (citation omitted).

34. *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 525 (5th Cir.2007) (citation omitted) (internal quotation marks omitted) (alteration in original).

35. *Allison*, 151 F.3d at 419.

36. *Maldonado.*, 493 F.3d at 525 (citation omitted).

nance standard is meant to "test[ ] whether proposed classes are sufficiently cohesive to warrant adjudication by representation" [37] and prevent the litigation "from degenerating into a series of individual trials." [38]

The "superiority analysis" of Rule 23(b)(3) "requires an understanding of the relevant claims, defenses, facts, and substantive law presented in the case." [39] According to the Fifth Circuit, "the [Rule 23](b)(3) class action was intended to dispose of all other cases in which a class action would be 'convenient and desirable,' including those involving large-scale, complex litigation for money damages." [40] When monetary relief is the predominant form of requested relief, an action brought pursuant to Rule 23(b)(3), rather than under Rule 23(b)(1) or (2), is appropriate "[b]ecause it automatically provides the right of notice and opt-out to individuals who do not want their monetary claims decided in a class action." [41] The burden of establishing predominance and superiority is on the party seeking class certification. [42]

## III. DISCUSSION

### A. Two–Year Statute of Limitations Period Applies for Purposes of Establishing a Violation

■ Defendants contend a four-year statute of limitations applies to the collection of the debt at issue here, and therefore, their attempt to collect on it does not violate the FDCPA. [43] Defendants cite several cases, which state certain *consumer-related* state claims are not preempted by the Federal Communications Act ("FCA"). [44] Therefore, Defendants conclude, "the right to bring suit to collect unpaid wireless charges is governed by state contract law," and the statute of limitations period in Title 47, section 415 of

the United States Code ("section 415") does not apply. [45]

Plaintiff argues Defendants' assertion that a four-year statute of limitations period should apply fails because "the plain language of the FCA and the canons of statutory construction make clear that any attempt to collect amounts due for federally-regulated telecommunications services is controlled by the statute of limitations in the FCA" and "the issue of whether [section] 415 controls is a predominant legal issue that warrants class certification." [46] Plaintiff contends none of the cases Defendants cite militate in favor of an application of the state statute of limitations period. [47] Plaintiff also asserts Defendants' contention the state statute of limitations period applies demonstrates the issue is a class-wide issue that should be adjudicated for the entire class. [48]

Defendants' argument that a four-year statute of limitations period applies here fails as a matter of law. The cases Defendants cite address consumer state actions preempted under section 415. The cited cases do not deal with the viability of a carrier's claim. The express language of section 415 preempts any state statute of limitations period for legal actions for carriers.

Section 415 states: "*All actions at law* by carriers for recovery of their lawful charges, or any part thereof, shall be begun *within two years* from the time the cause of action accrues, and not after." [49] Congress could not have been clearer. To suggest a carrier could otherwise assign its contract to a third-party debt collector or otherwise sell its rights under such a contract to a third-party, thereby allowing a third-party debt collector to bypass the requirements of section 415

---

37. *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 601–02 (5th Cir.2006) (citation omitted) (internal quotation marks omitted).

38. *Robinson v. Tex. Auto. Dealers Ass'n*, 387 F.3d 416, 421 (5th Cir.2004) (citation omitted) (internal quotation marks omitted).

39. *Maldonado*, 493 F.3d at 525 (citation omitted) (internal quotation marks omitted).

40. *Allison*, 151 F.3d at 412 (citations omitted).

41. *Id.* at 413 (notation omitted).

42. *Robinson*, 387 F.3d at 421 (citation omitted).

43. *See* Defs.' Resp. 18.

44. *Id.* 19.

45. *Id.* ¶ 12.

46. Pl.'s Reply at 1.

47. *Id.* at 3.

48. *Id.* at 5.

49. 47 U.S.C. § 415(a) (emphasis added).

and bring a state action pursuant to a four-year statute of limitations period, would undermine the express language and purpose of the statute. Therefore, the clear language of section 415 states a two-year statute of limitations applies.

### B. Requirements of Rule 23

Plaintiff contends it meets the requirements for class certification pursuant to Rule 23.[50] Defendants argue Plaintiff's class definition is not adequately defined and is not clearly ascertainable.[51]

#### 1. Requirements of Rule 23(a)

##### a. Numerosity

■ Plaintiff submitted discovery requests, which asked Defendants to admit or deny Defendants sent the letter Plaintiff received to other individuals.[52] Defendants admitted they sent the letter Plaintiff received to more than 500 individuals in Texas.[53] However, Defendants claimed they lack sufficient information to admit or deny that the letter was sent to individuals regarding the collection of a cellular telephone debt or that the debts were delinquent for more than two years prior to mailing the letters.[54] Defendants further contend Plaintiff's circumscription of the class by relating the class definition only to letters mailed in Texas does little to delimit the class because "this only identifies the address where the proposed class member resided at the time the letter was sent. Just because a proposed class member received the letter in Texas[ ] does not mean that Texas law applies to the state breach of contract issues." [55]

Plaintiff contends Defendants' inability to admit or deny these assertions is "self-im-

posed to defeat class action lawsuits." [56] Plaintiff asserts the Court may infer numerosity when the exact number of putative class members is in Defendants' control.[57] Plaintiff argues "[t]here is every reason to conclude that the putative class is so numerous that joinder is impracticable" and avers he will supplement his Motion to Certify with the precise size of the putative class.[58]

The Fifth Circuit has noted "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action. The plaintiff is entitled to some leeway in attempting to define the proper parameters of his proposed class." [59] The discovery propounded by a plaintiff in order to assist in class certification pursuant to Rule 23 must be "necessary or helpful" and may not impose a major burden on a defendant, when the issue of whether there is a maintainable action has yet to be determined.[60]

Plaintiff adequately demonstrates the requirement of numerosity. Plaintiff's limited discovery requests, submitted to Defendants for the purpose of determining whether class certification is warranted in the above-captioned cause, are reasonable and do not impose a major burden on Defendants.[61] Defendants cannot be permitted to deny numerosity by failing to respond to reasonable discovery requests. Via discovery, Plaintiff has established at least more than 500 individuals received the same letter. Defendants responded inadequately to the inquiries about the letters sent for the purpose of collecting a time-barred cellular telephone debt. But, even if one-fifth of the more than 500 letters were related to such a debt, joinder would be impracticable.[62]

50. Pl.'s Mot. Certify at 6–12.

51. Defs.' Resp. ¶ 15.

52. See Pl.'s Mot. Certify, Ex. 1, Defs.' Resps. & Objections to Reqs. for Admis. ("Objections to Discovery") at 3–4.

53. Objections to Discovery at 4.

54. Id.

55. Defs.' Resp. ¶ 17.

56. Pl.'s Mot. Certify at 6.

57. Id. at 6–7.

58. Id. at 7.

59. Pittman v. E.I. duPont de Nemours & Co., 552 F.2d 149, 150 (5th Cir.1977).

60. Stewart v. Winter, 669 F.2d 328, 331 (5th Cir.1982) (citation omitted).

61. See id.

62. See Zeidman, 651 F.2d at 1038.

Furthermore, Defendants are in a position to provide the information Plaintiff requested regarding to whom the letter was mailed and for what purpose, which would make identification of the class members fairly easy.[63] That the delinquency of the debt may have occurred outside of Texas is irrelevant to the question of whether Defendants attempted to collect the debt in Texas two years after the delinquency arose, in violation of federal law. Therefore, Plaintiff has met his burden of establishing numerosity pursuant to Rule 23(a)(1).

### b. Commonality

■ Defendants argue Plaintiff has over-simplified the relevant legal issues, and by doing so, has downplayed the fact that the Court will have to conduct a factual inquiry of every potential class member regarding (i) whether the proposed class member breached [his or her] cellular service contract under applicable state law by failing to pay the outstanding charges; (ii) whether the cellular telephone debt is "delinquent" within the meaning of this proposed class definition, as this term in and of itself is ambiguous and not susceptible to a clear definition; and (iii) when such cellular telephone debt became "delinquent" under each contract and/or applicable law.[64]

Defendants contend these issues will require the Court to examine each putative class members' circumstances on a case by case basis, thus rendering class certification improper.[65]

Plaintiff argues Defendants' general policy of sending potential class members the same letter Plaintiff received in an attempt to collect a time-barred cellular telephone debt establishes "commonality" under a standard that is "not demanding." [66] According to Plaintiff, "[e]ach class member was treated identically in an identically, allegedly illegal

way." [67] Plaintiff disputes the Court will be required to make individualized inquiries regarding the nature of the debt because "debts incurred for cellular services … are easily identified from Defendants['] own records." [68] Plaintiff contends "the process of identifying class members is not as daunting as Defendants contend." [69] According to Plaintiff, "[t]he process for determining who is in the class is ministerial in nature," and all that is required here is "extract[ing] information from the phone bills." [70] Plaintiff asserts the process does not require the Court to undertake any legal analysis or make any factual determinations.[71]

As Plaintiff points out, determining whether the debt is delinquent within the statute of limitations period is ministerial. Defendants are estopped from asserting the term "delinquent" is ambiguous, when they in fact mailed letters to individuals for the express purpose of collecting the debts. Certainly if the consumers' debts were not "delinquent," Defendants would *not* be attempting to collect them, as that *surely* would be a violation of the law.

Plaintiff has met his undemanding burden of demonstrating commonality exists.[72] Plaintiff has shown there is a common question regarding whether Defendants mailed a letter to potential class members related to the collection of a time-barred cellular telephone debt in violation of the FDCPA. Plaintiff's claim will not lead to individualized analyses by the Court.[73] Therefore, Plaintiff has established the requirement of commonality pursuant to Rule 23(a)(2) satisfactorily.

### c. Typicality

■ Plaintiff contends "typicality is inherent in the class definition." [74] According to Plaintiff, by the very definition of the class, each putative member was subject to the

---

**63.** *See id.*

**64.** Defs.' Resp. ¶¶ 16, 21.

**65.** *Id.* ¶¶ 15, 22.

**66.** Pl.'s Mot. Certify at 9.

**67.** *Id.*

**68.** Pl.'s Reply at 5–6.

**69.** *Id.* at 6.

**70.** *Id.*

**71.** *Id.*

**72.** *See James,* 254 F.3d at 570.

**73.** *See id.*

**74.** Pl.'s Mot. Certify at 10.

same illegal practice as Plaintiff; that is, each class member received the same letter Plaintiff received, wherein Defendants attempted to collect a time-barred cellular telephone debt.[75] Therefore, Plaintiff argues the typicality requirement has been met.[76] Defendants contend the Court will be required to undertake individual analyses to discern whether potential class members are entitled to damages for any violations of the FDCPA.[77]

Based upon the manner in which Plaintiff has defined the potential class, Plaintiff has met his undemanding burden of showing his claims and defenses will be typical of claims and defenses of the class.[78] Plaintiff has sufficiently narrowed the class definition by limiting the class to include individuals to whom Defendants mailed the letter Plaintiff received. Plaintiff has limited the time period during which the letter was mailed and has narrowed the class of debt to time-barred cellular telephone debt. Because of the narrow definition of the class, any putative class members' claims will have the essential characteristics of Plaintiff's claims and will have arisen from Defendants' conduct.[79] Therefore, Plaintiff has demonstrated the typicality requirement of Rule 23(a)(3).

#### d. Adequacy

Plaintiff contends he understands his obligations as a class representative and avers he has retained experienced counsel to represent the putative class.[80] Plaintiff argues his interests coincide with the interests of any putative class members, who seek damages on the basis of Defendants' alleged illegal collection practices.[81] Plaintiff asserts "there is no potential for conflicting interests in this action."[82] Defendants do not argue Plaintiff has failed to meet the adequacy requirement of Rule 23(a)(4), but they do contend Plaintiff's suggested class definition will require the Court to undertake independent analyses of each of the prospective class members.[83]

Plaintiff has demonstrated he is an adequate representative for the class and his counsel will zealously represent the class.[84] Plaintiff states his interests, namely obtaining monetary relief for Defendants' alleged violations of the FDCPA, do not conflict with any class members' interests, obtaining the same available monetary relief. Plaintiff also attaches the Declarations of James Latturner[85] and Scott Vogelmeier,[86] counsel Plaintiff has hired to represent himself and the class. The Declarations demonstrate Plaintiff's counsel are well-equipped to handle an FDCPA class action lawsuit. The Declarations show Plaintiff's counsel will take an active role in and control the course of this litigation, while protecting the interests of absent class members.[87] Therefore, Plaintiff has established Rule 23(a)(4)'s adequacy requirement.

#### 2. Requirements of Rule 23(b)

■ Defendants argue Plaintiff has not met the heightened standard of establishing predominance because "individual issues predominate and Plaintiff will not be able to offer proof on a class-wide basis."[88] According to Defendant, Plaintiff will have to "prove that the debts which Defendants sought to collect from class members became 'delinquent' outside the applicable statute of limitations,"[89] which would require an individualized inquiry into "whether the class members had any defenses to the breach of contract,

---

75. *Id.*

76. *Id.*

77. Defs.' Resp. ¶¶ 15, 22.

78. *See James*, 254 F.3d at 571.

79. *See id.*

80. *Id.*

81. *Id.* at 10–11.

82. *Id.* at 11.

83. Defs.' Resp. ¶¶ 5, 22.

84. *See Stirman*, 280 F.3d at 563.

85. Pl.'s Mot. Certify, Ex. 2, Decl. of James O. Latturner.

86. Pl.'s Mot. Certify, Ex. 2, Decl. of Scott A. Vogelmeier.

87. *See Stirman*, 280 F.3d at 563.

88. Defs.' Resp. ¶ 25.

89. *Id.*

when and if the debt owed became 'delinquent' under applicable law, and if Defendants threatened legal action on a time-barred debt."[90] Defendants contend the Court will be required to conduct a "mini-trial" to determine whether the debt was time-barred when Defendants mailed the letters.[91] Therefore, Defendants assert Plaintiff does not meet the predominance requirement of Rule 23(b)(3).[92]

Plaintiff contends, however, that Defendants' general policy of sending potential class members the same letter Plaintiff received in an attempt to collect a time-barred cellular telephone debt is the "crux of the litigation."[93] Plaintiff declares "[l]iability in this case will be easily determined on a class-wide basis because [D]efendant[s] systematically performed the complained-of conduct."[94] Plaintiff argues the class action form is the superior method for resolving the claims, which could be brought by individual debtors.[95] Plaintiff asserts many debtors are unaware of their rights pursuant to the FDCPA and, likely, lack the funds as debtors to retain counsel to protect their rights.[96] Plaintiff avers proceeding as a class "will provide an efficient and appropriate resolution of the controversy."[97]

Whether Plaintiff has met his burden of establishing the predominance requirement of Rule 23(b)(3) requires the Court to consider how a trial on the merits would proceed if the Court certifies the class.[98] The central issue is whether Defendants mailed the letter Plaintiff received in an attempt to collect a time-barred cellular telephone debt. The violations alleged do not require the Court to consider multiple states' contract law. There is no issue of reasonableness the Court will have to measure with respect to each individual class member.[99] Rather, the Court need only consider whether Defendants' practice

of mailing the letter to the members of the class violated the FDCPA. Because of the narrow definition of the class, which includes individuals whose delinquent cellular telephone debt was timebarred from collection, the litigation will not degenerate into a series of individual trials.[100]

■ Likewise, because the claims in this case are limited to whether the mailing of the letter to the class members was in violation of the FDCPA, the class action is the superior vehicle for determining the rights of debtors in this matter.[101] The predominant form of requested relief is money damages, and therefore the Rule 23(b)(3) class action simultaneously provides a convenient and desirable mechanism for disposing of numerous debtors' actions, while protecting those individuals who wish to opt out of the class action because they do not want their claims decided in such a manner.[102] Because the claims, defenses, facts, and substantive law present little complication for the Court to hear in the class action form, Plaintiff has established it is the superior method for the fair and efficient adjudication of this controversy.[103] Plaintiff has met his heightened burden of establishing predominance and superiority pursuant to Rule 23(b)(3).

## IV. *CONCLUSION AND ORDER*

The Court concludes Plaintiff has met his burden of establishing class certification is warranted in this matter. Plaintiff has demonstrated the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy. Plaintiff has also met his heightened burden of demonstrating predominance and superiority pursuant to Rule 23(b). Accordingly,

---

90. *Id.* ¶ 26.

91. *Id.* ¶ 27.

92. *Id.* ¶ 28.

93. Pl.'s Mot. Certify at 9.

94. *Id.*

95. Pl.'s Mot. Certify at 11.

96. *Id.*

97. Pl.'s Mot. Certify at 12.

98. *See Maldonado,* 493 F.3d at 525.

99. *Cf. id.*

100. *See Robinson,* 387 F.3d at 421.

101. *See Maldonado,* 493 F.3d at 525.

102. *See Allison,* 151 F.3d at 412–13.

103. *See Maldonado,* 493 F.3d at 525.

"Plaintiff's Motion for Class Certification" [Rec. No. 25] is **GRANTED.**

**SO ORDERED.**