IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Unifund CCR Partners, as successor in interest to AT&T Wireless, | ) ) ) | MEMORANDUM DECISION |
| Plaintiff and Appellee, | ) ) | Case No. 20100794-CA |
| v. | ) ) | F I L E D |
| | ) | (March 22, 2012) |
| Nicholas Lindsey, | ) ) | |
| Defendant and Appellant. | ) ) | 2012 UT App 76 |

-----

Second District, Bountiful Department, 060800824
The Honorable Thomas L. Kay

Attorneys:    Ronald Ady, Salt Lake City, for Appellant
              Jefferson S. Cannon, Sandy, for Appellee

-----

Before Judges Orme, Roth, and Christiansen.

CHRISTIANSEN, Judge:

¶1      Defendant Nicholas Lindsey appeals from the court proceedings that resulted in an August 20, 2010 order reinstating a previously entered default judgment in favor of plaintiff Unifund CCR Partners (Unifund).  We reverse and remand.

¶2      On July 19, 2006, Unifund initiated a debt collection action against Lindsey. Unifund was apparently unable to locate Lindsey and filed three motions to extend the time for service pursuant to rule 4 of the Utah Rules of Civil Procedure.  *See* Utah R. Civ. P. 4(b)(i).  The trial court granted all three motions, and eventually Unifund filed a return on the summons, claiming that it had served Lindsey with the complaint.

Ultimately, the trial court entered a default judgment. In a motion to set aside the default judgment, Lindsey asserted that he had not been properly served. The trial court granted Lindsey's motion and set aside the default judgment.

¶3      The case moved forward with Unifund again serving the complaint and summons and Lindsey answering pro se. Subsequent to Lindsey's responses to Unifund's first set of discovery requests, Unifund filed a motion to compel discovery (Motion to Compel), claiming that several of Lindsey's responses were improper. When Lindsey failed to respond to the Motion to Compel, the trial court signed an order compelling discovery (Discovery Order). Unifund purportedly mailed both the Motion to Compel and the Discovery Order to Lindsey. Lindsey later claimed that he never received either document. Presumably because Lindsey never responded to the Discovery Order, the trial court entered default judgment in Unifund's favor on December 22, 2009 (Default Judgment).[1] Given Lindsey's lack of a response, the Default Judgment included no factual findings as to whether Lindsey had received the Motion to Compel or the Discovery Order. The Default Judgment also did not include any findings as to whether Lindsey was willful in failing to respond.[2]

¶4      Upon learning of the Default Judgment, Lindsey retained counsel, who then filed a motion to set aside the Default Judgment and to dismiss the action with prejudice (Motion to Set Aside). The trial court granted Lindsey's Motion to Set Aside but did not make factual findings regarding which of Lindsey's several arguments the trial court had found persuasive. Additionally, the trial court dismissed the case with prejudice,

---

1. Although the Default Judgment did not explicitly state that it was a discovery sanction, both parties agree that it was.

2. The Default Judgment provided,

> This matter came on regularly before the above-entitled court pursuant to [Unifund]'s Order to Compel. Based upon the Affidavit of Bryan W. Cannon and the court being otherwise fully advised in the premises, it is hereby ORDERED, ADJUDGED AND DECREED that the Answer by [Lindsey] herein on July 7, 2009 is hereby stricken, and that [Unifund] shall have a Judgment against . . . Lindsey . . .

The amount of the judgment and costs followed this statement.

again without stating any basis for its ruling.[3] Subsequent to the trial court's order and dismissal, Unifund filed a rule 59 motion to reinstate and amend the judgment (Rule 59 Motion). At oral argument on the Rule 59 Motion, the trial court was persuaded by Lindsey's argument that a federal district court in Texas had determined that a two-year federal statute of limitations applied to a collection action similar to Unifund's attempt to collect from Lindsey. *See Castro v. Collecto, Inc.*, 256 F.R.D. 534, 539-40 (W.D. Tex. 2009) (granting a motion that certified a class action after determining that the two-year statute of limitations set forth in the Federal Communications Act preempted the statute of limitations set forth in Texas law). The trial court orally denied Unifund's Rule 59 Motion solely on that basis.

¶5      Before a final written order was entered on the Rule 59 Motion, Unifund filed a motion to reconsider the court's denial of its Rule 59 Motion (Motion to Reconsider).[4] In its Motion to Reconsider, Unifund contended that the federal district court's decision upon which the trial court relied had been overturned. *See Castro v. Collecto, Inc.*, 668 F. Supp.2d 950, 977-78 (W.D. Tex. 2009) (dismissing the class action because, inter alia, the longer Texas statute of limitations was not preempted and governed the collection of debt from consumers), *aff'd*, 634 F.3d 779, 786-87 (5th Cir. 2011).

¶6      On August 20, 2010, the trial court reinstated the Default Judgment; however, the trial court did not enter factual findings or otherwise explain its underlying decision. The record does not demonstrate whether the trial court considered Lindsey's claim that he had not received the Motion to Compel or the Discovery Order. Aside from the statute of limitations argument, the record does not indicate that any of the other arguments Lindsey made in his Motion to Set Aside the Default Judgment were considered on their merits.

## I. Unifund's Motion to Reconsider

¶7      Lindsey first argues that Unifund's Motion to Reconsider was both untimely and prohibited as a post-judgment motion. Lindsey essentially challenges the trial court's

---

3. Neither party has provided us with a transcript of the March 2010 hearing on Lindsey's Motion to Set Aside.

4. The trial court ultimately entered an Order Denying Unifund's Motion to Reinstate Judgment on July 28, 2010, after Unifund filed its Motion to Reconsider. Again, the trial court did not enter findings of fact in support of its denial of Unifund's Rule 59 Motion.

subject matter jurisdiction to entertain the Motion to Reconsider. "Whether a trial court has subject matter jurisdiction presents a question of law[,] which we review under a correction of error standard, giving no particular deference to the trial court's determination." *Blauer v. Department of Workforce Servs.*, 2005 UT App 488, ¶ 14, 128 P.3d 1204 (alteration in original) (internal quotation marks omitted).

¶8     Lindsey asserts that Unifund filed its Motion to Reconsider in response to the trial court's March 25, 2010 final entry of judgment. However, the motion was actually filed about two weeks after oral arguments, in response to the trial court's oral ruling on Unifund's Rule 59 Motion. Unifund's motion was timely because it was filed prior to the entry of the final written order.

¶9     Further, the Motion to Reconsider did not violate the Utah Supreme Court's holding in *Gillett v. Price*, 2006 UT 24, 135 P.3d 861. *See id.* ¶ 10 ("[T]his holding applies to post-final-judgment motions to reconsider; it does not affect motions to or decisions by the district courts to reconsider or revise nonfinal judgments."). Even though it was styled as a rule 59 motion, the purpose for Unifund's Motion to Reconsider was to advise the trial court that in its oral ruling on Unifund's prior Rule 59 Motion it had relied on overturned case law.[5] Accordingly, where Unifund's Motion to Reconsider was filed prior to the entry of a final judgment, we determine that the trial court not only had jurisdiction to consider the motion but, in fact, considered it before entering a final judgment.

## II. Entry of Default Judgment as a Discovery Sanction

¶10     Lindsey next argues that the trial court erred when it initially entered the Default Judgment on December 22, 2009, and when it reinstated the Default Judgment on August 20, 2010, as a discovery sanction despite his claim that he never received the Motion to Compel or the Order to Compel. "[Discovery s]anctions are warranted when '(1) the party's behavior was willful; (2) the party has acted in bad faith; (3) the court can attribute some fault to the party; or (4) the party has engaged in persistent dilatory tactics tending to frustrate the judicial process.'" *Kilpatrick v. Bullough Abatement, Inc.*, 2008 UT 82, ¶ 25, 199 P.3d 957 (quoting *Morton v. Continental Baking Co.*, 938 P.2d 271, 276 (Utah 1997)). "As a general rule, district courts are granted a great deal of deference

---

5. Unifund framed its Motion to Reconsider under rules 52 and 59 rather than under rule 60(b).

in selecting discovery sanctions, and we overturn a sanction only in cases evidencing a clear abuse of discretion." *Id.* ¶ 23.

¶11 We review the trial court's discovery sanction, "[f]irst, [by] ensur[ing] that the . . . court has made a factual finding that the party's behavior merits sanctions." *Id.* "Second, once the factual finding has been made, we will only disturb the sanction if abuse of discretion [is] *clearly* shown." *Id.* ¶ 23; *see also id.* ¶¶ 24, 29 (holding that the "court's order was an abuse of discretion because it lacked an evidentiary basis" and that the court improperly "dismiss[ed] the plaintiffs' claim absent a factual finding that [the] plaintiffs' [discovery] failures . . . were willful," but discussing how "[a] failure to make factual findings regarding willfulness is not always grounds for reversal . . . if a full understanding of the issues on appeal can nevertheless be determined by the appellate court" (internal quotation marks omitted)); *Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 962 (Utah Ct. App. 1989) ("Although the trial court did not make a specific finding of willfulness, bad faith or fault, such failure is not grounds for reversal if a full understanding of the issues on appeal can nevertheless be determined by the appellate court." (internal quotation marks omitted)).

¶12 Lindsey argues that there was no evidentiary basis for entering default against him because he never received the Motion to Compel or the Discovery Order. Unifund contends that any failure of Lindsey to respond to the Motion to Compel or the Discovery Order was his fault because he failed to keep the trial court and counsel updated on his new address. *See generally Kilpatrick*, 2008 UT 82, ¶ 25.

¶13 Unifund purportedly mailed Lindsey its Motion to Compel on or about October 1, 2009. Yet, the record does not contain a certificate of service verifying that Unifund served Lindsey with the motion. When it failed to receive a response, Unifund requested, and the trial court signed, the Discovery Order, which Unifund purportedly mailed to Lindsey on or about October 28, 2009. A certificate of service appears in the record, demonstrating that Unifund verified its service of the Discovery Order on Lindsey. When Lindsey did not respond to the Discovery Order, the trial court entered the Default Judgment, presumably as a discovery sanction against Lindsey, on December 22, 2009. The court did not enter any findings of fact as to Lindsey's failure to respond to the Motion to Compel or the Discovery Order.

¶14 Lindsey's claim that he never received the Motion to Compel or the Discovery Order was supported by his affidavit, which Unifund never challenged. Further, Unifund's opposition memorandum never contested Lindsey's assertion that he never actually received the documents. The certificate of service in the record demonstrates

that Unifund served the Discovery Order at the address where Lindsey stated in his affidavit that he resided, which was the same address on file with the trial court during the relevant time period. In spite of this, on appeal, Unifund contends that Lindsey did not receive the Motion to Compel or the Discovery Order because Lindsey failed to keep the trial court and opposing counsel apprised of his current address. We therefore conclude that the record is inconclusive as to whether Lindsey actually received the Motion to Compel or the Discovery Order. Given Lindsey's lack of response, the trial court did not make any factual findings as to whether he received either the Motion to Compel or the Discovery Order. However, the trial court did not enter any other findings as to Lindsey's willfulness, bad faith, or fault. As a result, we conclude that the trial court abused its discretion in entering the December 22, 2009 Default Judgment as a discovery sanction without any threshold factual findings or an evidentiary basis that Lindsey's lack of response or other behavior merited this sanction. The subsequent reinstatement of the Default Judgment, also absent factual findings or an evidentiary basis, was likewise an abuse of discretion.[6] Accordingly, we reverse the trial court's August 20, 2010 reinstatement of Default Judgment and, in so doing, vacate the Default Judgment.

### III. Extensions of Time for Service of Process

¶15    Last, Lindsey argues that the trial court erred when it allowed three extensions of time for service of process because Unifund did not demonstrate good cause for any of

---

6. The subsequent motions and orders in these proceedings do nothing to clarify the trial court's grounds for its discovery sanction in either the Default Judgment or in the reinstatement of the Default Judgment. Because of the absence of findings in the order setting aside the Default Judgment and dismissing the action, we have no way to determine which arguments in Lindsey's Motion to Set Aside the trial court found persuasive. One of Lindsey's arguments concerned not having received the Motion to Compel or the Discovery Order and another concerned the statute of limitations for the collection action. We know from the transcript of the oral argument on Unifund's Rule 59 Motion seeking to reinstate the Default Judgment that the court found Lindsey's statute of limitations argument persuasive. Due to the lack of findings in the court's August 20, 2010 reinstatement of the Default Judgment, we can only speculate that the court reversed its decision based on Unifund's argument in its Motion to Reconsider that the law Lindsey relied on for its federal statute of limitations argument had been overturned. However, regardless of the trial court's presumed agreement that Unifund filed the action within the statute of limitations, because of the absence of findings, we are still left without a confirmed basis for the trial court's discovery sanction.

the extension requests. Lindsey also claims that, because good cause was not shown, the trial court was compelled to dismiss the complaint.

¶16     Lindsey attacks the service of the initial complaint and summons, resulting in the default judgment, which was later set aside on Lindsey's motion. Unifund then re-started the action when it again served Lindsey with the complaint, which Lindsey answered. Lindsey does not attack this second service of the complaint. Even if the court did not have good cause to originally extend the time for service, Lindsey cannot challenge Unifund's first service of process because the court set aside the default judgment and Lindsey subsequently answered the complaint.

¶17     For all of the above reasons, we reverse the trial court's August 20, 2010 reinstatement of the Default Judgment. We thereby vacate the Default Judgment and remand for further proceedings.

_____
Michele M. Christiansen, Judge

-----

¶18     WE CONCUR:

_____
Gregory K. Orme, Judge

_____
Stephen L. Roth, Judge