**Herman Scott CONRAD, Plaintiff,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, et al.,
Defendants.**

**Civil Action No. 3:10–CV–2220–N.**

United States District Court,
N.D. Texas,
Dallas Division.

June 12, 2012.

---

John R. Howie, Jr., Howie Law PC, Ben C. Martin, Thomas W. Arbon, Law Offices of Ben C. Martin LLP, Walt D. Roper, The Roper Firm PC, Dallas, TX, for Plaintiff.

James L. Sowder, Bradford K. Burdette, Thompson Coe Cousins & Irons, Dallas, TX, Eric J. Troutman, Severson & Werson APC, Irvine, CA, John B. Sullivan, Rebecca S. Saelao, Severson & Werson APC, Regina Jill McClendon, Locke Lord, San Francisco, CA, for Defendants.

### ORDER

DAVID C. GODBEY, District Judge.

This Order addresses Plaintiff Herman Scott Conrad's motion for class certification [39]. For the reasons that follow, the Court denies the motion.

## I. CONRAD'S CLAIMS

In 2006, Conrad entered into a contract with Defendant Ally Financial, Inc. (formerly known as General Motors Acceptance Corporation, GMAC, LLC, and GMAC, Inc.) ("Ally") to finance a pickup truck. Beginning in 2009, Ally, through its collectors, made repeated phone calls to Conrad's cellular telephone attempting to collect payment. During that time, Conrad alleges that he made at least seven requests that the calls cease. He also alleges that Ally similarly harassed other borrowers. Conrad brings two counts of Telephone Consumer Protection Act ("TCPA") violations, 47 U.S.C. § 227, et seq., against Ally. He seeks to assert claims on behalf of:

> All persons in the United States who, on or after November 4, 2006, received a non-emergency telephone call from [Ally] to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

## II. CLASS CERTIFICATION STANDARD

Under Federal Rule of Civil Procedure 23, courts must "determine by order

whether to certify the action as a class action." FED. R. CIV. P. 23(c). Courts have wide discretion in determining whether to certify a class; however, they must exercise that discretion within the bounds of Rule 23. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir.1996) (citing *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)). In making this determination, courts must undertake a rigorous analysis of Rule 23's prerequisites by probing beyond the pleadings to understand the claims, defenses, and relevant facts. *See Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005). Although courts do not consider the merits of plaintiffs' claims in determining whether to certify a proposed class, they must consider the "the nature and range of proof necessary to establish the plaintiffs' substantive allegations" if they are adequately to conduct the rigorous analysis required by Rule 23. *Owner–Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*, 2006 WL 2521183, at *4 (D.Ariz.2006) (citing *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir.1982)); *accord Castano,* 84 F.3d at 741 ("In order to make the findings required to certify a class action under Rule 23(b)(3) ... one must initially identify the substantive law issues which will control the outcome of the litigation." (quoting *Ala. v. Blue Bird Body Co.*, 573 F.2d 309, 316 (5th Cir.1978))).

■ A case may proceed as a class action only if the trial court determines that the party moving for certification demonstrates that it has met all four prerequisites of Rule 23(a). FED.R.CIV.P. 23(a); *see also Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496, 503 (5th Cir.2004). Under Rule 23(a), the moving party must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). FED.R.CIV.P. 23(a). Rule 23(a) also implicitly carries a requirement of definiteness, meaning that an identi-fiable class must exist. *See John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir.2007) (citing inter alia *DeBremaecker v. Short,* 433 F.2d 733, 734 (5th Cir.1970) and 5 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 23.21, at 23–47 (3d ed. 1997)); *see also* WILLIAM B. RUBENSTEIN, 1 NEWBERG ON CLASS ACTIONS § 3:2 (5th ed. 2011) [hereinafter NEWBERG]. An identifiable class exists if its members can be ascertained by reference to objective criteria (ascertainability). *See In re Vioxx Prods. Liab. Litig.*, 2008 WL 4681368, at *9 (E.D.La.2008) (citing Manual for Complex Litigation (Fourth) § 21.222 (2004)); *see also* NEWBERG § 3:3.

■ Additionally, the Court must determine that, according to Rule 23(b), a class action is the appropriate vehicle through which to resolve the litigation. FED. R. CIV. P. 23(b); *see Vizena,* 360 F.3d at 503. Rule 23(b) states, in relevant part, that a class action is appropriate if the moving party establishes the prerequisites set forth in Rule 23(a) and:

> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole [ (cohesiveness) ]; or (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members [ (predominance) ], and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy [ (superiority) ].

FED R. CIV. P. 23(b). The party seeking certification bears the burden of establishing that the putative class meets the requirements of Rule 23. *Gene & Gene LLC v. Biopay LLC,* 541 F.3d 318, 325 (5th Cir. 2008).

## III. THE COURT DENIES CONRAD'S MOTION

### A. *The Proposed Class Fails on Numerosity Grounds*

Conrad argues that the Court may find numerosity based upon an inference from Ally's call record logs and other evidence

presented and anticipated that joinder is impracticable. To support the proposition that a court may make this legal inference, he cites a Western District of Texas case where the court inferred numerosity when defendants admitted to sending a letter to over 500 individuals, *Castro v. Collecto, Inc.*, 256 F.R.D. 534, 540 (W.D.Tex.2009), and a Southern District of Florida case where the court inferred numerosity when the defendant left over 1,000 messages with putative classmembers, *Hicks v. Client Servs., Inc.*, 2008 WL 5479111, at *4 (S.D.Fla.2008). In each case, the respective court inferred numerosity based on the idea that even if a percentage of those contacted were putative classmembers (25% equaling 100 people in the former and 0.5% equaling 50 people in the latter), the proposed class would be sufficiently numerous for class certification purposes. *See Castro*, 256 F.R.D. at 540; *Hicks*, 2008 WL 5479111, at *4.

■ Here, the parties stipulated to a sampling methodology of Ally's records aimed at discovering additional classmembers[37–1] and notified the Court that they were engaged in discovery regarding class certification issues [44], but did not ultimately supplement the record. Thus, the only evidence from which the Court may infer that joinder is impracticable is that which Conrad provided concurrent with his motion. By his motion and appendices, Conrad has not shown that there are more than two putative classmembers, one being himself—the other being a Jane Doe who was the new owner of Conrad's cellular telephone number once he terminated use of that number. *See* Mot. 4–5. Even if this Court decided that it may legally infer numerosity in the first place, two putative classmembers is too few to give rise to such an inference. *See Boykin v. Ga.-Pac. Corp.*, 706 F.2d 1384, 1386 (5th Cir.1983) (finding numerosity requirement not met by proposed class with twenty members); NEWBERG § 3.12 ("As a general guideline ... a class that encompasses fewer than 20 members will likely not be certified absent other indications of impracticability of joinder, while a class of 40 or more members raises a presumption of impracticability of joinder

based on numbers alone."). Thus, Conrad's proposed class fails on numerosity grounds.

### B. The Proposed Class Fails on Predominance and Cohesiveness Grounds

■ Even if the Court were to have found the putative class sufficiently numerous and that it satisfied the remaining Rule 23(a) requirements, the class would fail under both Rule 23(b)(2) and Rule 23(b)(3) because individual issues preclude certification.[1] Ally argues that individualized issues of consent divide the class in such a way that certification is improper. The Court agrees. Under Rule 23(b)(3), the Court must identify the substantive issues that will control the outcome, assess which issues will predominate, and then determine whether the issues are common to the class—a process that prevents the class from degenerating into a series of individual trials. *Gene & Gene LLC*, 541 F.3d at 326. In making the predominance inquiry, the Fifth Circuit has counseled that predominance is satisfied where a plaintiff has demonstrated that individual issues are susceptible to common proof. *See id.* at 327–28 (discussing *Kavu v. Omnipak Corp.*, 246 F.R.D. 642, 645 (W.D.Wash.2007)). Similarly, under Rule 23(b)(2), a Court must determine whether a class is sufficiently cohesive so that examination of the particular circumstances of each member of the class is unnecessary. MCLAUGHLIN, *supra*.

■ Here, one of the substantive issues that will control the outcome is whether the putative classmembers consented to Ally's contacting them via their cellular telephones. *See* 47 U.S.C. § 227(b)(1)(A). A finding of consent precludes liability under the TCPA. Although Conrad alleges that Ally pursued a common course of conduct in making the calls, individual issues of consent would predominate at a trial on the merits if the Court were to certify the class. And, although Conrad argues that the consent issue is subject to generalized proof by examining certain fields in Ally's database, his argument presumes that consent is denoted at all in Ally's database and that if it is, such informa-

---

1. The Court does not address commonality.

tion is correct. *See* App. to Mot., Decl. Robert Biggerstaff Pursuant to 28 U.S.C. § 1746, at ¶¶ 13–18 ("Another query that I could easily perform, would be to select a few hundred customer records where the data indicates that consent to call a cell phone was withdrawn, and then check those customer records for consistency with the stated procedures. . . ."). Instead, as Ally argues, putative classmembers could have given their consent in a variety of different ways (and could have withdrawn and re-granted consent during the course of their business with Ally). *See* Opp'n of Ally Fin. Inc. to Pl.'s Mot. Class Cert. [41] (stating that putative classmembers could have given consent by providing the cell phone number at the time of application, via a phone conversation with a customer service agent, via an email, via interface with the website, or during an in person field call by a skip trace agent). And, as in the case of Conrad, putative classmembers may argue that they never gave consent despite Ally's records to the contrary. *See* Ally App., Oral Dep. Herman Scott Conrad 56:12–57:7. Thus, the consent issue would necessitate individual inquiries regarding each putative classmember's account and the circumstances surrounding each call or contact. Additionally, because this individual issue has the potential to separate classmembers from each other, the class lacks the cohesiveness necessary for the Court to certify a class under Rule 23(b)(2). Accordingly, the class also fails on predominance and cohesiveness grounds.

## CONCLUSION

Because the putative class is not sufficiently numerous or cohesive, and because individual issues predominate over issues common to the class, the Court denies Conrad's motion.