# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 21, 2007**

Charles R. Fulbruge III
Clerk

No. 07-30237

JANA JOHN,
Individually and as Class Representative
on Behalf of All Similarly Situated Persons;

RYAN JOHN,
Individually and as Class Representative
on Behalf of All Similarly Situated Persons,

Plaintiffs-Appellants,

v.

National Security Fire and Casualty Company,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Jana and Ryan John appeal the dismissal of their class allegations. Finding no error, we affirm.

I.

The Johns were homeowners insured by National Security Fire and Casualty Company ("National Security") when their house was damaged by Hurricane Rita. They allege that National Security violated the terms of the policies it issued in Louisiana by systematically under-adjusting damages claims by failing to account for the inevitable inflation in the price of labor and materials for home repair that follows from natural disasters. They also assert that National Security violated the terms of homeowners' policies that it issued in Louisiana by systematically failing to account for general contractors' overhead and profit ("GCO&P") when repair required the exercise of two or more trades.

The Johns sued for fraud and breach of contract, purporting to represent all similarly situated persons insured by National Security. In their amended complaint the Johns alleged the following class:

> All persons and/or entities insured by NATIONAL SECURITY under a homeowner's insurance policy, including tenant and condominium policies, or commercial property insurance policy:
>
> (I) who sustained property damages to dwellings, buildings or other structures located in the State of Louisiana on or after August 29, 2005, as a result of hurricanes Katrina and Rita, or otherwise; and
>
> (ii) whose losses were adjusted by or on behalf of NATIONAL SECURITY on an "actual cash value" basis or "replacement cost" basis, and
>
> (iii) for whom NATIONAL SECURITY and/or its agent or contractor created a damages assessment, worksheet, or estimate of costs to repair or replace said damaged property that indicates the involvement of more than one trade.[1]

---

[1] In addition, the proposed class contained various exclusions so as to avoid purporting to represent the interests of government officials or law firms involved in the case.

Responding to National Security's motion, the district court dismissed the Johns' fraud allegations pursuant to Federal Rule of Civil Procedure 9(b) and dismissed their class allegation pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to plead an ascertainable class. Although the court denied the Johns' motion for reconsideration, it certified its dismissal of the class allegation for interlocutory appeal pursuant to 28 U.S.C. 1292(b), and we granted leave to appeal.

II.

The question is whether the district court erred by dismissing the class allegation. On appeal, the Johns propose, for the first time, that the district court certify two separate classes: a so-called price fixing class and a GCO&P class. They do not argue in favor of certifying a unitary class, as they proposed in their amended complaint. Because our jurisdiction over this interlocutory appeal extends only to the order dismissing the alleged unitary class on the pleadings, we may not consider whether the court should have certified two separate classes that were never proposed to it.[2] Accordingly we do not address the Johns' arguments in this regard. Because this case is ongoing, they may amend their complaint pursuant to the district court's discretion under Federal Rule of Civil Procedure 15, but they may not successfully propose a new class definition in this court.

The Johns are incorrect insofar as they argue that the district court erred because dismissal of a class allegation on the pleadings is never proper. The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure

---

[2] See La. Patients' Compensation Fund Oversight Bd. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 585, 588 (5th Cir. 2005) (stating that our jurisdiction is limited to what has been identified in the § 1292(b) order as a "controlling question of law").

23.[3] Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings.[4] Because the Johns do not contend that the class they propose is ascertainable, but instead propose two newly defined classes, we need not determine whether they pleaded sufficient facts, in their complaint alleging an ascertainable class, to survive scrutiny under rule 12(b)(6).[5]  Accordingly, the order dismissing the class allegations is AFFIRMED.

---

[3] See Debremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970) ("It is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable").  See also In re A.H. Robins Co., Inc., 880 F.2d 709, 728 (4th Cir. 1989); Simer v. Rios, 661 F.2d 655, 669 (7th Cir. 1981); 5 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.21[1], at 23-47 (Matthew Bender 3d ed. 1997) ("It is axiomatic that in order for a class action to be certified, a class must exist. Although the text of Rule 23(a) is silent on the matter, a class must not only exist, the class must be susceptible of precise definition.  There can be no class action if the proposed class is 'amorphous' or 'imprecise.'") (citations omitted).

[4] Cf. Debremaecker, 433 F.2d at 734.  See also In re Am Med. Sys. Inc., 75 F.3d 1069, 1079 (6th Cir. 1996) ("Mere repetition of the language of Rule 23(a) is not sufficient.  There must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled."); Cook City Coll. Teachers Union v. Byrd, 456 F.2d 882, 885 (7th Cir. 1972) (same); 5 JAMES W. MOORE ET AL., supra, § 23.60 [2] ("A plaintiff cannot make a lawsuit into a class action simply by labeling it class action.").

[5] See United States v. Thibodeaux, 211 F.3d 910, 912 (5th Cir. 2000) (stating that failure to raise an issue on appeal waives it).