# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2023

Lyle W. Cayce
Clerk

No. 21-30580

A. A., by and through his mother, P.A.; B. B., by and through her mother, P.B.; C. C., by and through her mother, P.C.; D. D., by and through his mother, P.D.; E. E., by and through his mother, P.E.; F. F., by and through her mother, P.F.,

*Plaintiffs—Appellees*,

*versus*

Courtney N. Phillips, Dr., in her official capacity as the Secretary of the Louisiana Department of Health; Louisiana Department of Health,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-770

Before Higginbotham, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-30580

Medicaid-eligible children living in Louisiana allege that the Louisiana Department of Health (the "Department") fails to provide them and similarly situated children with intensive home- and community-based services ("IHCBS") needed to treat their diagnosed mental health or behavioral health conditions, as required by Medicaid's Early and Periodic Screening, Diagnostic, and Treatment ("EPSDT") mandate. Plaintiffs on behalf of themselves and a putative class of similarly situated Medicaid-eligible children sued the Department and its Secretary for violating Plaintiffs' rights to necessary treatment under EPSDT and to treatment in the least restrictive setting under the ADA and Rehabilitation Act. The district court certified the class, which Defendants appeal. We VACATE the class certification and REMAND the case for further proceedings consistent with this opinion.

## I.

Plaintiffs are six Medicaid-eligible children residing across Louisiana who have been diagnosed with mental health or behavioral health conditions. Plaintiffs allege that the Department fails to provide Plaintiffs and similarly situated children across Louisiana with the IHCBS needed to treat their conditions, as required by Medicaid's EPSDT mandate. Under the EPSDT mandate, Medicaid-administering agencies like the Department must provide or arrange for all "necessary health care, diagnostic services, treatment, and other measures described in subsection (a)," which encompasses all services identified as medically necessary by a health professional.[1]

---

[1] 42 U.S.C. §§ 136d(a)(13), 1396d(r)(5). Congress amended the EPSDT provision in 1989 to impose "a *mandatory* duty upon participating states to provide EPSDT-eligible children with all . . . treatments and other measures described in § 1396d(a) of the Act,

No. 21-30580

Plaintiffs' core allegation is that the Department maintains a policy of not providing IHCBS, which the district court defined as "intensive care coordination, crisis services, and intensive behavioral services and supports that are necessary to correct or ameliorate [Plaintiffs'] mental illnesses or conditions." Plaintiffs allege that the Department instead only provides basic mental health interventions such as medication management and infrequent counseling. As a result, Medicaid-eligible children requiring intensive mental health care are untreated and, when they inevitably experience mental health crises, are forced to seek emergency care or psychiatric institutionalization.

In 2019, Plaintiffs, on behalf of themselves and a putative class of similarly situated Medicaid-eligible children in Louisiana, sued the Department and its Secretary, Dr. Courtney Phillips, in her official capacity, (collectively "LDH") contending that LDH's failure to provide IHCBS violates their right to medically necessary treatment under Title XIX of the Social Security Act (the "Medicaid Act")[2] and violates their right to treatment in the least restrictive setting under Title II of the ADA[3] and the Rehabilitation Act.[4] The district court certified a class under Rules 23(a) and (b)(2) consisting of:

> All Medicaid-eligible youth under the age of 21 in the State of Louisiana (1) who have been diagnosed with a mental health or behavioral disorder, not attributable to an intellectual or developmental disability, and (2) for whom a licensed practitioner of the healing arts has recommended intensive

---

when necessary to correct or ameliorate health problems discovered by screening . . . ." *S.D. ex rel. Dickson v. Hood*, 391 F.3d 581, 589–90 (5th Cir. 2004) (emphasis added).

[2] 42 U.S.C. § 1396(a)(13).

[3] 42 U.S.C. § 12132, et seq.

[4] 29 U.S.C. § 701, et. seq.

3

No. 21-30580

home- and community- based services to correct or ameliorate
their disorders.

LDH appeals the class certification, arguing that the class is not
ascertainable, the district court abused its discretion in certifying the class,
and the district court failed to conduct a rigorous analysis.

## II.

We review a district court's decision to certify a class for abuse of
discretion.[5] A district court "maintains great discretion in certifying and
managing a class action."[6] We will reverse a class certification if a district
court "abuses its discretion when its ruling is based on an erroneous view of
the law or a clearly erroneous assessment of the evidence."[7] "Implicit in this
deferential standard is a recognition of the essentially factual basis of the
certification inquiry and of the district court's inherent power to manage and
control pending litigation."[8] "Whether the district court applied the correct
legal standard in reaching its decision on class certification, however, is a legal
question that we review de novo."[9]

---

[5] *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 836 (5th Cir. 2012).

[6] *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 478 (5th Cir. 2001) (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999)).

[7] *Yates v. Collier*, 868 F.3d 354, 359 (5th Cir. 2017) (quoting *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003)).

[8] *Stukenberg*, 675 F.3d at 836 (quoting *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007)).

[9] *Berger*, 257 F.3d at 479 (quoting *Allison v. Citgo Petroleum Corp.*, 151 F.2d 402, 408 (5th Cir. 1998)).

No. 21-30580

## III.

For class certification to succeed under Rule 23, the class "must be adequately defined and clearly ascertainable."[10] To be ascertainable, the class must be susceptible to a precise definition to properly identify "those entitled to relief, those bound by the judgment, and those entitled to notice."[11] The district court "need not know the identity of each class member before certification[,]" but it needs to "be able to identify class members at some stage of the proceeding."[12] "The order defining the class should avoid subjective standards (e.g., a plaintiff's state of mind) or terms that depend on resolution of the merits (e.g., persons who were discriminated against)."[13] "There can be no class action if the proposed class is 'amorphous' or 'imprecise.'"[14] "[T]he possibility that some [claimants] may fail to prevail on their individual claims will not defeat class

---

[10] *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970); *see also John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23." (footnote omitted)).

[11] *In re Monumental Life Ins. Co.*, 365 F.3d 408, 413 (5th Cir. 2004) (quoting 5 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.21[6] (Matthew Bender 3d ed. 1997)).

[12] *Seeligson v. Devon Energy Prod. Co., L.P.*, 753 F. App'x 225, 230 (5th Cir. 2018) (unpublished per curiam) (quoting *Frey v. First Nat'l Bank Sw.*, 602 F. App'x 164, 168 (5th Cir. 2015) (unpublished per curiam)). The ascertainability standard is less burdensome in this circuit than in others, which require that the class be readily ascertainable at certification. *See id.* at 230 (discussing the Third Circuit's requirements).

[13] *Plaza 22, LLC v. Waste Mgmt. of La.*, LLC, No. CIV.A. 13-618-SDD, 2015 WL 1120320, at *3 (M.D. La. Mar. 12, 2015) (quoting MANUAL FOR COMPLEX LITIGATION § 21.222 at *1 (4th ed. 2004)).

[14] *John*, 501 F.3d at 445 n.3 (quoting 5 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.21[1] (Matthew Bender 3d ed. 1997)).

membership' on the basis of the ascertainability requirement."[15] Ultimately, "the touchstone of ascertainability is whether the class is 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'"[16]

LDH argues that the class definition is not ascertainable because it is not clear which services are included in the term "IHCBS" and which are not. We agree. The district court defined IHCBS as "intensive care coordination, crisis services, and intensive behavioral services and supports that are necessary to correct or ameliorate [class members'] mental illness or conditions." These three terms are not defined, nor are they specific, billable behavioral health services ordered by a doctor or licensed mental health professional. Billable specialized behavioral health services include things like psychosocial rehabilitation or community psychiatric support and treatment. Here, it is not clear which care coordination services and behavioral services are "intensive," falling within the IHCBS definition, and which are not. Knowing which services IHCBS encompasses is essential to evaluating whether an individual is a class member.

The district court found that the class definition was ascertainable in large part because IHCBS is the "functional equivalent" to specialized behavioral health ("SBH") services that Louisiana state law mandates.[17]

---

[15] *In re Deepwater Horizon*, 739 F.3d 790, 821 (5th Cir. 2014) (quoting *In re Rodriguez*, 695 F.3d 360, 370 (5th Cir. 2012)); *see also McKeage v. TMBC*, LLC, 847 F.3d 992, 999 (8th Cir. 2017) (holding that manual review does not preclude ascertainability).

[16] *Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015) (quoting 7A CHARLES ALAN WRIGHT & ARTHUR R. MILLER ET AL., FEDERAL PRACTICE & PROCEDURE § 1760 (3d ed. 1998)).

[17] *See* La. Admin. Code tit. 50, Pt. XXXIII, § 2101 (2021) ("The specialized behavioral health services rendered to children with emotional or behavioral disorders are

No. 21-30580

Because the Louisiana Legislative Auditor reports on SBH services available to Louisiana's Medicaid recipients and LDH has responded to those findings, the district court reasoned that LDH must understand what services are included in SBH, and thus understand what services are included in its "functional[ly] equivalent" IHCBS. But "functional equivalent" does not mean that SBH services are identical to IHCBS. For example, while some SBH services, like inpatient care and long-term residential care,[18] are presumably not included in IHCBS, it is not clear if other SBH services, like group therapy, functional family therapy, and homebuilders services,[19] are encompassed in IHCBS. Accordingly, we are not convinced that LDH's use of the term SBH services indicates an understanding of what services are included in IHCBS.[20]

---

those services necessary to reduce the disability resulting from the illness and to restore the individual to his/her best possible functioning level in the community.").

[18] LOUISIANA LEGISLATIVE AUDITOR, ACCESS TO COMPREHENSIVE AND APPROPRIATE SPECIALIZED BEHAVIORAL HEALTH SERVICES IN LOUISIANA, LA. DEP'T HEALTH 1 (Feb. 14, 2018), https://www.lla.la.gov/PublicReports.nsf/B99F834BF8F4AB908625823400758F9B/$FILE/000179B4.pdf.

[19] *Id.* at 6, 14. Functional family therapy "[t]argets youth primarily demonstrating externalizing behaviors or at risk for developing more severe behaviors which affect family functioning." *Id.* at 6. Homebuilders services "[t]argets families with children at imminent risk of out-of-home placement or being reunified from placement." *Id.* It is not clear to us whether these services would be considered "intensive care coordination, crisis services, and intensive behavioral services and supports that are necessary to correct or ameliorate [class members'] mental illness or conditions."

[20] We recognize that an Illinois district court approved a class with an identical definition. *N.B. v. Hamos*, 26 F. Supp. 3d 756, 762 (N.D. Ill. 2014). However, the defendant in that case did not object to the use of the term "IHCBS."

No. 21-30580

We hold that the term IHCBS, as defined by the district court, is too vague to identify class members, and that the class—as currently defined—is unascertainable.

## IV.

We VACATE the class certification and REMAND the case to the district court for further proceedings consistent with this opinion to clarify which services are included in the term IHCBS. Because further proceedings may impact the Defendants' remaining claims that the district court abused its discretion certifying the class under Rules 23(a)(1)–(4) and (b)(2) and failed to conduct a rigorous analysis, we do not address those claims now.